IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE LINDER | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| RJM ACQUISITIONS LLC | ) |
|     Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, et seq., and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. (hereafter the "UTPCPL") and state law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Rochelle Linder is an adult individual residing at 1830 East Airdrie Street, Philadelphia, Pennsylvania 19124.

5. Defendant RJM Acquisitions LLC is a business entity with its principal office located at 575 Underhill Blvd., Suite 224, Syosset, New York 11791. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt in connection with a One Spirit Book Club Account (hereafter the "debt" or "inaccurate information").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times pertinent hereto, Plaintiff does not and has never owed a debt to Defendant.

9. Notwithstanding the above, Defendant began falsely reporting to the credit reporting agencies that Plaintiff purportedly owed the debt.

10. Furthermore, on or about December 28, 2010, Defendant then sent a dunning letter to Plaintiff in an attempt to coerse payment of the debt.

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists an account and/or tradeline that does not belong to the Plaintiff.

12. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has disputed the inaccurate information with the credit reporting agencies Experian and TransUnion by both oral and written communications to their representatives and by following Experian, and Trans Union's established procedure for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Experian, and Trans Union, including but not limited to, from December 2010 through the present.

15. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

16. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

17. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

18. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

20. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

21. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

22. Defendant knew or should have known that their actions violated the FCRA, FDCPA, FCEUA, and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto RJM Acquisitions LLC was a "person" as that term defined by 15 U.S.C. § 1681a(b).

28. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

> (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
>
> (b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;
>
> (c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
>
> (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
>
> (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit

reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

Defendant conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT II - VIOLATIONS OF THE FDCPA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

32. The above contact between Defendant and Plaintiff was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(b), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f as evidenced by the following conduct:

    (a)    Communicating with any person other than the debtor;

    (b)    Misrepresenting the character, amount, or legal status of any debt;

    (c)    Communicating or threatening to communicate credit information which is known or should be known to be false including the failure to communicate that the debt is disputed;

    (d)    Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (e)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT III – VIOLATION OF THE FCEUA AND UTPCPL

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

37. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

38. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of

7

the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Communicating with any person other than the consumer and disclosing a debt;

(b) Misrepresenting the character, amount, or legal status of any debt;

(c) Communicating or threatening to communicate credit information which is known or should be known to be false including the failure to communicate that the debt is disputed;

(d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorneys' fees and costs.

## JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

8

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        GREGORY J. GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

DATE: June 22, 2011